## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **DAVID FOLKENFLIK; NATIONAL PUBLIC RADIO, INC.; EDITH CHAPIN; LESLIE COOK; and PALLAVI GOGOI,** | § § § § § | |
| **Movants,** | § § | |
| **v.** | § § | *Ancillary to* **CIVIL ACTION NO.** |
| **ORONE LAIZEROVICH, ILI SOLUTIONS, LLC,** | § § § | **4:18-CV-00442-ALM** |
| **Respondents.** | § § | |

## MOTION TO COMPEL ORONE LAIZEROVICH AND ILI SOLUTIONS, LLC TO COMPLY WITH SUBPOENA

Movants David Folkenflik, National Public Radio, Inc., Edith Chapin, Leslie Cook and Pallavi Gogoi (collectively, "NPR" or "Movants"), by their undersigned counsel, file this Motion and the accompanying Declaration of Laura Lee Prather[1] ("Prather Decl.") to compel third-party Orone Laizerovich ("Laizerovich") and his digital marketing company ILI Solutions, LLC ("ILI") to comply with properly served subpoenas issued pursuant to Rule 45 of the Federal Rules of Civil Procedure.

## I.
## FACTUAL BACKGROUND

Movants are defendants in a lawsuit filed by plaintiff Ed Butowsky ("Butowsky"), *Butowsky v. Folkenflik*, Case No. 4:18-cv-00442-ALM (E.D. Tex. June 21, 2018), pending in the

---

[1] Attached hereto as Exhibit 1 (App. pp. 1-4).

United States District Court for the Eastern District of Texas.  In that action, Butowsky filed suit against NPR and several of its employees, asserting claims for defamation, business disparagement, and civil conspiracy based on NPR's reporting on a lawsuit that alleged that Butowsky was involved in a retracted Fox News story about the death of Democratic National Committee ("DNC") staffer Seth Rich.  On November 23, 2019, Movants served subpoenas duces tecum in connection with that litigation on Laizerovich and ILI that commanded the production of responsive documents by December 9, 2019 (collectively, the "Subpoenas").  *See* Prather Decl. at Ex. 1-A (Subpoena to Laizerovich) (App. pp. 5-15). Ex. 1-B (Subpoena to ILI) (App. pp. 16-26), Ex. 1-C (proof of service) (App. pp. 27-34).[2]  ILI and its managing partner, Laizerovich, performed IT and reputation-management services for the Plaintiff, Butowsky.  For example, upon information and belief, Laizerovich helped establish and/or manages the websites debunkingrodwheelersclaims.com and debunkingrodwheelersclaims.net on Butowsky's behalf. These sites were devoted to undermining the factual basis for Rod Wheeler's lawsuit against Butowsky—the very lawsuit that NPR reported on, which in turn gave rise to Butowsky's lawsuit here.

NPR's document requests involve the following general topics:

1. Laizerovich's communications with Butowsky and his associates (Requests 1, 6);

2. Documents evidencing Laizerovich's work for Butowsky, including payments and agreements (Requests 2-5);

---

[2] Laizerovich is the Managing Director of ILI.  The subpoenas to Laizerovich and ILI request identical documents, and NPR served subpoenas on both to avoid an objection from Laizerovich that he did not have possession, custody, or control of the requested documents.  *See* Exs. 1-A (App. pp. 5-15), 1-B (App. pp. 16-26).  Neither recipient made any timely objections to their respective subpoenas, and therefore possession, custody, and control do not appear to be an impediment to Laizerovich's production.

3.  Documents relating to Laizerovich's work with the "debunkingrodwheelersclaims" sites (Requests 8-11); and

4.  Laizerovich's communications regarding Seth Rich or any lawsuit stemming from his death (Requests 7, 12-16).  *See* Exs. 1-A (App. pp. 5-15), 1-B (App. pp. 16-26).

Laizerovich contacted NPR's counsel on December 6, 2019 to request an extension of time to produce responsive documents until December 13, 2019, and NPR consented to that extension. Prather Decl. ¶ 5 (App. p. 2). But Laizerovich did not produce documents on December 13, 2019 as promised, either on his own behalf or ILI's—nor did he object to any of the requests in the Subpoenas or serve a privilege log for the documents withheld under a claim of privilege.  Prather Decl. ¶ 6 (App. p. 2).  Counsel for NPR again contacted Laizerovich, and on December 16, 2019 to inquire about the documents, and, in response, Laizerovich sent a link to an empty document repository, stating he would upload the documents shortly.  Prather Decl. ¶ 7 (App. p. 2); Ex. 1-D (Dec. 16, 2019 email from Laizerovich to Prather) (App. pp. 35-36).  Still, no documents were produced.  Prather Decl. ¶ 7 (App. p. 2). Counsel for NPR followed up with Laizerovich by phone and by electronic communications throughout the week, including on December 20, 2019, December 21, 2019, December 23, 2019, and December 26, 2019, with no response from Laizerovich.  *See* Prather Decl. ¶ 8 (App. pp. 2-3); Ex. 1-E (email from Prather to Laizerovich dated December 20, 2019) (App. 37-38); Ex. 1-F (email from Prather to Laizerovich dated December 21, 2019) (App. pp. 39-42).

After nearly a month of one-sided correspondence with Laizerovich, counsel for NPR finally heard from Laizerovich on December 29, 2019 that he was out of the country but would reply back that same day. Prather Decl. ¶ 9 (App. p. 3); Ex. 1-G (App. pp. 43-46). After receiving no response, counsel for NPR continued to communicate with Laizerovich for another week during

which additional excuses for noncompliance were made.  *See* Prather Decl. ¶____; Exs. H-J (App. pp. 47-60).  Finally, in the first week of January, Laizerovich made a limited production of approximately 170 documents.  *Id.*  In one such document, a letter entitled "Subpoena response," Laizerovich stated that he was refusing to produce several categories of documents, including: (1) any communications with Butowksy or Butowsky's company, Chapwood and (2) any agreements Laizerovich has with Butowsky or Chapwood on the basis that these communications are proprietary.  Prather Decl. ¶ 11 (App. p. 3), Ex. 1-K (App. pp. 61-64).  These documents, which relate to Butowsky's efforts to manage his reputation, are highly relevant to this lawsuit, in which Butowksy seeks $60 million in damages to his reputation.  *See* Am. Compl., Dkt. 72, at 1.  Laizerovich also refuses to produce correspondence with members of the company Shadowbox, which also performed reputation management work for Butowsky, and any text messages, audio files, and video files.  Documents already obtained from other sources demonstrate that such files exist and are in Laizerovich's possession.  Prather Decl. ¶ 11 (App. p. 3).

On January 9, 2020, counsel for NPR served Laizerovich with a letter outlining many of the deficiencies in his response and production.  Prather Decl. ¶ 13 (App. pp. 4); Ex. 1-L (App. pp. 65-66).  To date, Laizerovich has not provided any substantive response to this letter.

## II.
## ARGUMENT

Because NPR served valid Subpoenas for relevant documents, and because Laizerovich and ILI failed to serve any timely objections, they should be compelled to produce communications with Butowsky, Chapwood, and Shadowbox, and any responsive text messages, audio files, and video files.

A.    <u>**The Subpoenas are proper and seek relevant information.**</u>

Under Federal Rule of Civil Procedure 45, a party may serve a subpoena duces tecum commanding a nonparty to "produce designated documents, electronically stored information, or tangible things in [the nonparty's] possession, custody, or control . . . ." FED. R. CIV. P. 45(a)(1)(A)(iii).  The Subpoenas at issue here were properly served on Laizerovich and ILI at ILI's place of business, which is located within the United States District Court for the Eastern District of Texas.  *See* Prather Decl. ¶¶ 2-3 (App. pp. 1-2); Ex. 1-A (App. pp. 5-15), 1-B (App. pp. 16-26), 1-C (App. pp. 27-34).

Furthermore, under Rule 45, "[a]t any time, on notice to the [subpoenaed nonparty], the serving party may move the court for the district where compliance is required for an order compelling production or inspection."  FED. R. CIV. P. 45(d)(2)(b)(i).  "The court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."  *Id.*  "Rule 45(d)(2) governs a motion to enforce or compel compliance with a subpoena, and its provisions . . . provide only for 'the court for the district where compliance is required' to issue an order compelling production or inspection on a proper motion."  *Paso Del Norte Motors, LP v. Kia Motors of Am., Inc.*, No. 3:15-cv-2672-M, 2015 WL 4939948, at *1 (N.D. Tex. Aug. 19, 2015).  The Subpoenas here were issued under the authority of the United States District Court for the Eastern District of Texas, but call for compliance in the Northern District of Texas, at the Dallas office of Haynes and Boone, LLP.  Prather Decl. ¶ 3-4 (App. p. 2).  Accordingly, the Subpoena may be enforced by this Court. *See Paso Del Norte Motors, LP*, 2015 WL 4939948, at *1.

Parties in litigation may obtain discovery "regarding any non-privileged matter that is relevant to any party's claim or defense . . . ."  FED. R. CIV. P. 26(b)(1).  The documents sought from Laizerovich and ILI are directly relevant to Butowsky's claims that he had minimal

involvement in the investigation of Seth Rich's death, his allegations regarding his reputational and business harm, Butowsky's beliefs about the allegations in the Wheeler lawsuit, which underlies the allegedly defamatory articles, and his alleged damages.

**B.      Laizerovich and ILI waived their right to object.**

By failing to serve any timely objections to NPR's Subpoenas, Laizerovich and ILI waived their right to object.  In the Fifth Circuit, "[t]he party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable." *Carr v. State Farm Mut. Auto. Ins.*, 312 F.R.D. 459, 463 (N.D. Tex. 2015).  Objections to a Rule 45 subpoena to produce documents "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B).  "The failure to serve written objections to a subpoena within the time specified by Rule [45(d)(2)(B)] typically constitutes a waiver of such objections."  *Isenberg v. Chase Bank USA, N.A.*, 661 F. Supp. 2d 627, 629 (N.D. Tex. 2009) (quoting *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996)); *Louisiana Generating, L.L.C. v. Illinois Union Ins. Co.*, No. CIV.A. 10-516-JJB-SC, 2011 WL 6259052, at *2 (M.D. La. Dec. 14, 2011) ("Courts within the Fifth Circuit have consistently held that failure to serve timely objections to a Rule 45 subpoena generally results in a waiver of all grounds for objection, including privilege.").

Here, Laizerovich and ILI were served with the Subpoenas on November 23, 2019, both of which demanded compliance by December 9, 2019.  Neither Laizerovich nor ILI timely objected.  Therefore, they have waived their right to object to the Subpoenas.  Accordingly, this Court should compel Laizerovich and ILI to produce all documents responsive to the Subpoenas in their possession, custody, or control.

## III.
## <u>CONCLUSION</u>

Laizerovich and ILI have records responsive to the Subpoenas served upon them.  Movants have accommodated Laizerovich's repeated requests for extensions and allowed him multiple opportunities to address the deficiencies in his production.  Unfortunately, however, Laizerovich's production remains woefully incomplete, and he has indicated through his untimely letter response to the Subpoenas that he refuses to produce additional responsive documents in his possession – despite having waived such objections by his failure to timely respond to the Subpoenas.  Accordingly, this Court should order Laizerovich and ILI to comply immediately with the Subpoenas and produce the improperly withheld documents.

DATED: January 24, 2020

Respectfully submitted,

By:  */s/ Laura Lee Prather*
Laura Lee Prather
State Bar No.  16234200
laura.prather@haynesboone.com
Wesley D.  Lewis
State Bar No.  24106204
wesley.lewis@haynesboone.com
HAYNES AND BOONE, LLP
600 Congress Avenue, Suite 1300
Austin, Texas 78701
Telephone:     (512) 867-8400
Telecopier:     (512) 867-8470

David J.  Bodney
*admitted pro hac vice*
bodneyd@ballardspahr.com
Ian O.  Bucon
*admitted pro hac vice*
buconi@ballardspahr.com
BALLARD SPAHR LLP
1 E.  Washington Street, Suite 2300
Phoenix, Arizona 85004-2555
Telephone:     602.798.5400
Fax:             602.798.5595

*Attorneys for Movants*

## CERTIFICATE OF CONFERENCE

The undersigned Counsel for Movants certifies that on January 7 and 9, 2020, she conferred with Orone Laizerovich (who has not identified any counsel), concerning this motion and received no substantive response to the need to file this motion or the outlined deficiencies.  Therefore, no agreement on the motion could not be reached.

/s/ Laura Lee Prather
Laura Lee Prather

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on January 24, 2020, the foregoing document was emailed to Steve Biss, counsel for Plaintiff, at stevenbiss@earthlink.net.

In addition, the foregoing document was sent via Federal Express to the following address:

Orone Laizerovich
5604 Plumtree Drive
Dallas, TX 75252-4929

/s/ Laura Lee Prather
Laura Lee Prather