## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **DAVID FOLKENFLIK; NATIONAL PUBLIC RADIO, INC.; EDITH CHAPIN; LESLIE COOK; AND PALLAVI GOGOI,** | § § § § § | |
| **Movants,** | § § | |
| **v.** | § § | *Ancillary to* **CIVIL ACTION NO.** |
| **ORONE LAIZEROVICH,** | § § § | **4:18-CV-00442-ALM** |
| **Respondent.** | § § | |

## APPENDIX TO MOTION TO COMPEL

EXHIBIT A.        Subpoena to Orone Laizerovich dated November 18, 2019

EXHIBIT B.        Subpoena to ILI Solutions, LLC dated November 18, 2019

EXHIBIT C.        Proofs of Service on Orone Laizerovich and ILI Solutions, LLC

EXHIBIT D.        Email from Laizerovich to Prather dated December 16, 2019

EXHIBIT E.        Email from Prather to Laizerovich dated December 20, 2019

EXHIBIT F.        Email from Prather to Laizerovich dated December 21, 2019

EXHIBIT G.        Email from Laizerovich dated December 29, 2019

EXHIBIT H.        Email from Laizerovich dated December 30, 2019

EXHIBIT I.        Email from Laizerovich dated December 31, 2019

EXHIBIT J.        Email from Laizerovich dated January 6, 2020

EXHIBIT K.        Letter entitled "Subpoena Response"

EXHIBIT L.        Letter to Laizerovich dated January 9, 2020

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **DAVID FOLKENFLIK; NATIONAL PUBLIC RADIO, INC.; EDITH CHAPIN; LESLIE COOK; AND PALLAVI GOGOI,** | § § § § § | |
| **Movants,** | § § | |
| **v.** | § § | *Ancillary to* **CIVIL ACTION NO.** |
| **ORONE LAIZEROVICH,** | § § | **4:18-CV-00442-ALM** |
| **Respondent.** | § § § | |

---

### DECLARATION OF LAURA LEE PRATHER IN SUPPORT OF MOVANTS' MOTION TO COMPEL ORONE LAIZEROVICH TO COMPLY WITH FED. R. CIV. P. 45 SUBPOENA

---

I, Laura Lee Prather, hereby declare pursuant to 28 U.S.C. § 1746:

1.      I am a partner at the law firm of Haynes and Boone, LLP and lead counsel for Movants David Folkenflik, National Public Radio, Inc., Edith Chapin, Leslie Cook, and Pallavi Gogoi (collectively "Movants"), Defendants in the action captioned *Butowsky v. Folkenflik*, Case No. 4:18-cv-00442-ALM (E.D. Tex. June 21, 2018), pending in the United States District Court in the Eastern District of Texas (the "Lawsuit"). I am fully competent to make this declaration, and all of the facts set forth herein are based on my personal knowledge and are true and correct.

2.      On November 18, 2019, Movants issued a subpoena to Orone Laizerovich ("Laizerovich"), a true and correct copy of which is attached hereto as Exhibit A (App. pp. 5-15). Movants also issued a subpoena on Laizerovich's digital marketing company, ILI Solutions, LLC

**DECLARATION OF LAURA LEE PRATHER IN SUPPORT OF MOVANTS' MOTION TO COMPEL ORONE LAIZEROVICH TO COMPLY WITH FED. R. CIV. P. 45 SUBPOENA**

**Page 1**

App. 0001

**Exhibit 1**

("ILI"), a true and correct copy of which is attached hereto as <u>Exhibit B</u> (App. pp. 16-26) (collectively with Exhibit A, the "Subpoenas").

3.      Counsel for Movants retained a process server to effect service of the subpoena in person. On November 23, 2019, Laizerovich was served with the subpoena by process server at 5604 Plumbree Dr., Dallas, TX 75252 in Collin County.  A true and correct copy of the proof of service is annexed hereto as <u>Exhibit C</u> (App. pp. 27-34).

4.      According to the terms of the subpoena, Laizerovich and ILI were required to produce documents at the Dallas, Texas office of Haynes and Boone, LLP on December 9, 2019 at 12:00 p.m.

5.      On December 6, 2019, Laizerovich contacted me to request an extension of time to produce responsive documents until December 13, 2019. NPR consented to that extension.

6.      Laizerovich did not produce documents on December 13, 2019 as promised—either on his own behalf or ILI's—nor did he object to any of the requests in the Subpoenas or serve a privilege log for the documents withheld under a claim of privilege.

7.      After Laizerovich failed to produce the documents as promised, I contacted him again to discuss his failure to produce documents. On December 16, 2019, he sent a link to an empty document repository, stating he would upload the documents shortly.  Attached as <u>Exhibit D</u> (App. pp. 35-36) is a true and correct copy of that email.  Still, no documents were produced.

8.      After Laizerovich failed to produce documents as requested, I followed up with him by phone and by electronic communications throughout the week, including on December 20, 2019, December 21, 2019, December 23, 2019, and December 26, 2019, with no response from Laizerovich.  Attached as <u>Exhibit E</u> (App. pp. 37-38) is a copy of one such email, sent on December

<u>**DECLARATION OF LAURA LEE PRATHER IN SUPPORT OF MOVANTS' MOTION TO COMPEL ORONE LAIZEROVICH TO COMPLY WITH FED. R. CIV. P. 45 SUBPOENA**</u>      **Page 2**

App. 0002

20, 2019. A copy of another email, which I sent to Laizerovich on December 21, 2019 is attached hereto as Exhibit F (App. pp. 39-42).

9.      After nearly a month of attempting to contact him, I heard from Laizerovich on December 29, 2019 that he was out of the country but that he would attempt to produce the requested documents that evening. A true and correct copy of that correspondence is attached as Exhibit G (App. pp. 43-46).

10.     After receiving no response, counsel for NPR continued to communicate with Laizerovich for another week during which additional excuses for noncompliance were made. A true and correct copy of those correspondences are attached as Exhibits H-J (App. pp. 47-60).

11.     Finally, in the first week of January, Laizerovich made a limited production of approximately 170 documents. One such document, attached hereto as Exhibit K (App. pp. 61-64), is a letter entitled "Subpoena response." In it, Laizerovich stated that he was refusing to produce several categories of documents, including: (1) any communications with Butowksy or Butowsky's company, Chapwood and (2) any agreements Laizerovich has with Butowsky or Chapwood on the basis that these communications are proprietary. These documents, which relate to Butowsky's efforts to manage his reputation, are highly relevant to this lawsuit, in which Butowksy seeks $60 million in damages to his reputation.

12.     Laizerovich also refused to produce correspondence with members of the company Shadowbox, which also performed reputation management work for Butowsky, and any text messages, audio files, and video files. Documents already obtained from other sources demonstrate that responsive communications between Laizerovich and Shadowbox do exist.

__DECLARATION OF LAURA LEE PRATHER IN SUPPORT OF MOVANTS' MOTION TO__      **Page 3**
__COMPEL ORONE LAIZEROVICH TO COMPLY WITH FED. R. CIV. P. 45 SUBPOENA__

App. 0003

13.     On January 9, 2020, I served Laizerovich with a letter outlining many of the deficiencies in his response and production.  A true and correct copy of that letter is attached as Exhibit L (App. pp. 65-66). To date, I have received no substantive response to this letter.

14.     Laizerovich's failure to comply with the Subpoenas has materially interfered with Movants' ability to defend itself from Plaintiff's claims in the Lawsuit.


I declare under penalty of perjury that the foregoing is true and correct. Executed on the 24th day of January, 2020 in Austin, Texas.

Laura Lee Prather

**DECLARATION OF LAURA LEE PRATHER IN SUPPORT OF MOVANTS' MOTION TO COMPEL ORONE LAIZEROVICH TO COMPLY WITH FED. R. CIV. P. 45 SUBPOENA**          **Page 4**

App. 0004

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Texas

| | |
|---|---|
| Ed Butowsky | ) |
| *Plaintiff* | ) |
| v. | ) |
| David Folkenflik; National Public Radio, Inc.; Edith Chapin; Leslie Cook; and Pallavi Gogoi | ) |
| *Defendant* | ) |

Civil Action No. 4:18-cv-00442-ALM

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                     Orone M. Laizerovich
            5604 Plumtree Dr., Dallas, Texas 75252-4929

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See attached "Exhibit A"

| Place: Haynes and Boone, LLP<br>        2323 Victory Avenue, suite 700, Dallas, TX 75219 | Date and Time:<br><br>12/09/2019 12:00 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   11/18/2019

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Laura Prather |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

David Folkenflik, et al.                                              , who issues or requests this subpoena, are:

Laura Prather, Haynes and Boone, LLP, 600 Congress, Suite 1300, Austin, TX 78701, 512-867-8400, laura.prather@haynesboone.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

App. 0005

## Exhibit A

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   4:18-cv-00442-ALM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $       0.00       .

I declare under penalty of perjury that this information is true.

Date: _____          _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
　**(i)** is a party or a party's officer; or
　**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
　**(i)** fails to allow a reasonable time to comply;
　**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
　**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
　**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

　**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　**(i)** expressly make the claim; and
　**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A TO SUBPOENA TO PRODUCE DOCUMENT, INFORMATION, OR OBJECTS TO ORONE LAIZEROVICH

**YOU ARE COMMANDED** to produce at the time, date, and place set forth in the accompanying Subpoena to Produce Documents, Information, or Objects (the "Subpoena") the following documents, electronically stored information, or objects pursuant to Rule 45 of the Federal Rules of Civil Procedure, to Defendants David Folkenflik, National Public Radio, Inc., Edith Chapin, Leslie Cook, and Pallavi Gogoi (collectively "Defendants").

### I.
### INSTRUCTIONS

1.      You are required to produce for inspection and copying true and correct copies of the designated documents at the office of Defendants' counsel, Haynes and Boone, LLP, 2323 Victory Ave. Ste. 700, Dallas, Texas 75219.

2.      In response to this Subpoena, provide all requested documents in your possession, custody or control, including all documents in the possession, custody or control of your attorneys or agents.  If your response to this Subpoena is that any requested document or documents are not in your possession, custody or control, identify who has possession, custody or control of the document or documents and the location of the document or documents.

3.      If a request seeks a document which to your knowledge does not exist, please state that the document does not exist.

4.      Without interfering with the readability of a document, please identify in some manner the request(s) to which the document is responsive.

5.      These requests for production are continuing in nature, and you are required to amend or supplement your responses if you or other persons acting on your behalf become aware of additional information between the time your answers are given and the time of trial that renders your responses no longer correct, accurate or complete.

App. 0008

6.      If you contend that you are entitled to withhold from production any documents identified in these requests for production on the basis of attorney-client privilege, work product doctrine or any other ground, follow the instructions described in sub-parts (a) - (e) below for each withheld document:

   (a)      describe the nature of the document (*e.g.*, letter or memorandum);

   (b)      state the date of the document;

   (c)      identify the person(s) who sent and received the document and/or any copy thereof;

   (d)      without revealing the privileged information, identify the subject matter of the document; and

   (e)      state the specific privilege(s) you assert regarding the document.

7.      Unless otherwise specified, the time period for these requests is from **July 10, 2016** until the present time.

## II.
## DEFINITIONS

For purposes of these requests, the terms listed below are defined as follows:

1.      **You or Your** refers to Orone Laizerovich, and each of your agents, representatives, affiliates, employees, and attorneys and any other individual or entity presently or formerly acting on your behalf or at your request, including ILI Solutions, LLC.

2.      **Plaintiff or Butowsky** refers to Ed Butowsky, and each of his agents, representatives, and attorneys and any other individual or entity presently or formerly acting on his behalf or at his request.

3.      **Defendants** refers to Defendants David Folkenflik, National Public Radio, Inc., Edith Chapin, Leslie Cook, and Pallavi Gogoi and any of their officers, employees, agents, representatives, attorneys or any other individual or entity presently or formerly acting on their behalf.

4.      The term **document(s)** shall mean and include all written, typed, printed, recorded, taped, or pictorial matter of any kind or nature whatsoever, however produced or reproduced, in whatever form maintained, including electronically stored information such as metadata, and all identical and non-identical (for whatever reason) copies and prior drafts thereof, in Your possession, custody or control and includes, but is not limited to, correspondence, transcriptions, tapes, notes from telephone conversations, agreements, contracts, records, tape recordings (whether or not transcribed), reports, memoranda, studies, summaries, minutes, notes, agenda, bulletins, calendars, diaries, logs, announcements, instructions, charts, manuals, brochures, schedules, email, blogs, internet postings, text messages, instant messages, computer data (whether on cards, compact disk, DVD, ISP server, or otherwise), telegrams, teletype, photographic matter, financial statements, accounting records, commission worksheets, and any other such documents and tangible things, whether in hard, digital or electronic version.  The term "document" also includes copies of documents upon which notations or writings appear that are not present on the originals or other copies of such documents.  In all cases where original and/or non-identical copies are not available, "document(s)" also means identical copies of original documents and copies of non-identical copies.  A document is deemed to be in Your custody if You have possession of the document or has the right to secure such document from another person having possession thereof.  All information available in electronic or magnetic medium should be provided electronically on an external hard drive in their native format.

5.      The term **electronically stored information**, when used in these Requests, refers to information stored on a computer, CD, DVD, disk, hard drive, or other magnetic or electronic device, including, without limitation, voicemail messages and files; email messages and files; deleted files, programs, or e-mails; data files; program files; backup and archival tapes; temporary files; system history files; website information stored in textual, graphical or audio format; website log files; cache files; text messages, instant messages, cookies; writings; drawings; graphs; charts; photographs; sound recordings; images; video recordings; and other data or data compilations stored in any medium from which information can be obtained or translated, if necessary, by You into reasonably usable form.

6.      The term **communication**, when used in these Requests, refers to any oral or written transmission, exchange of information, utterance, notation or statement, by or through any medium, including, but not limited to telephone, telegraph, mail, email, text message, instant messaging, telecopy, and personal conversation(s).

7.      The conjunction **or** as used in these requests should not be read to limit part of the request but, whenever applicable, it should have the same meaning as the word "and."  For example, an interrogatory stating "support or refer" should be read as "support and refer," if an answer that does both can be made.

8.      The word **and** means **and/or**.

9.      The term **Person** means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

10.     The term **Chapwood** means Chapwood Capital Investment Management LLC, and each of its owners, managers, agents, representatives, parents, affiliates, subsidiaries, divisions, employees, and attorneys.

11.     The term **NPR litigation** means the litigation styled *Butowsky v. Folkenflik et al.*, No. 4:18-cv-422-ALM, filed in the Eastern District of Texas.

12.     The term **Wheeler Litigation** means the litigation styled *Wheeler v. Twenty-First Century Fox, Inc., et. al.,* Case No. 1:17-CV-05087, filed in the United States District Court for the Southern District of New York.

13.     The term **Rich Family Litigation** means, collectively, the litigation styled *Rich v. Butowsky et al.*, Case No. 1:18-cv-681-RJL filed in the United States District Court for the District of Columbia and *Rich v. Fox News Network, LLC, et al.*, Case No. 1:18-cv-2223 filed in the United States District Court for Southern District of New York.

14.     The term **Related Butowsky Litigation** refers to the following lawsuits:

   a.  *Butowsky v. Democratic National Committee*, Case No. 4:19-cv-00582, filed in the Eastern District of Texas on August 1, 2019.

   b.  *Butowsky v. Gottlieb, et al.*, Case No. 4:19-cv-00180, filed in the Eastern District of Texas on March 12, 2019.

   c.  *Butowsky v. Susman & Godfrey, LLP*, Cause No. 416-01222-2019, filed in Collin County, Texas on March 6, 2019.

   d.  *Butowsky v. Wigdor*, Case No. 4:19-cv-00577, filed in the Eastern District of Texas on July 31, 2019.

   e.  *Chapwood Capital Investment Mgmt., LLC v. Charles Schwab Corp.*, Case No. 4:18-cv-00287, filed in the Eastern District of Texas on April 23, 2018.

   f.  *Chapwood Capital Investment Mgmt., LLC v. Charles Schwab Corp.*, Case No. 4:18-cv-00548, filed in the Eastern District of Texas on August 3, 2018.

   g.  *Clevenger v. U.S. Dep't of Justice*, Case No. 1:18-cv-01568, filed in the Eastern District of New York on March 14, 2018.

15.    The terms **referring to**, **concerning**, **relating to**, or **pertaining to** any given subject when used to specify a document, communication, or statement, shall mean or refer to any document, communication, or statement that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, discusses, mentions, supports, refutes, controverts, depicts, and or is in any manner whatsoever pertinent to that subject.

## DOCUMENTS REQUESTED

Please produce the following documents, records, and information in your possession, custody, or control:

1. All documents referring or relating to, and all communications between, You and the following:
   a. Ed Butowsky;
   b. Dani Butowsky;
   c. Chapwood;
   d. Manuel Chavez;
   e. Thomas Schoenberger;
   f. Trevor Fitzgibbons;
   g. Beth Blackburn;
   h. Malia Zimmerman;
   i. Adam Housley;
   j. Shadowbox or any of its owners, representatives, employees, or agents;
   k. Fox News or any of its owners, representatives, employees, or agents;
   l. Lora Logan;
   m. Joseph Burkett;
   n. Any member of the Trump Administration (past or present);
   o. Steve Biss;
   p. Tanya Cornwell;
   q. Ty Clevenger; or
   r. defango@protonmail.com.

2. All contracts or agreements entered into between You and Ed Butowsky.

3. All contracts or agreements entered into between You and Chapwood.

4. All contracts or agreements You entered concerning www.DeBunkingRodWheelersClaims.com

5. All contracts or agreements You entered concerning www.DeBunkingRodWheelersClaims.net

6. All documents evidencing payments You received or were promised from:
    a. Ed Butowsky;
    b. Dani Butowsky;
    c. Chapwood;
    d. Googie LLP;
    e. Waterford Capital, Inc.;
    f. WoodChap, LLC;
    g. Steve Biss;
    h. Ty Clevenger; or
    i. Tanya Cornwell

7. All documents referring or relating to, and all communications between You and any recipient, concerning the following, from July 10, 2016 to the present:
    a. David Folkenflik;
    b. Seth Rich;
    c. Aaron Rich;
    d. Joel Rich;
    e. Mary Rich;
    f. www.DeBunkingRodWheelersClaims.com; or
    g. www.DeBunkingRodWheelersClaims.net.

8. All documents and communications evidencing the information posted by You on www.DeBunkingRodWheelersClaims.com.

9. All documents and communications evidencing the information posted by You on www.DeBunkingRodWheelersClaims.net.

10. All documents and communications evidencing the registration, renewals, and/or payment(s) for the website www.DeBunkingRodWheelersClaims.com.

11. All documents and communications evidencing the registration, renewals, and/or payment(s) for the website www.DeBunkingRodWheelersClaims.net.

12. All documents, communications and evidence You possess concerning the investigation into the murder of Seth Rich or the source of the 2016 Democratic National Committee leak of emails.

13. All documents or communications You possess concerning the allegations in the NPR Litigation.

14. All documents or communications You possess concerning the allegations in the Wheeler Litigation.

15. All documents or communications You possess concerning the allegations in the Rich Family Litigation.

16. All documents or communications You possess concerning the allegations in the Related Butowsky Litigation.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Texas

| | |
|---|---|
| Ed Butowsky | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  4:18-cv-00442-ALM |
| David Folkenflik; National Public Radio, Inc.; Edith Chapin; Leslie Cook; and Pallavi Gogoi | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
ILI Solutions LLC
4409 Longfellow Drive Plano, TX 75093 USA

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See attached "Exhibit A"

| Place: Haynes and Boone, LLP<br>2323 Victory Avenue, suite 700, Dallas, TX 75219 | Date and Time:<br><br>12/09/2019 12:00 pm |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  11/18/2019

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Laura Prather |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
David Folkenflik, et al.                                                    , who issues or requests this subpoena, are:

Laura Prather, Haynes and Boone, LLP, 600 Congress, Suite 1300, Austin, TX 78701, 512-867-8400, laura.prather@haynesboone.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

App. 0016

# Exhibit B

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   4:18-cv-00442-ALM

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____        _____

                                                     *Server's signature*

                                  _____

                                                     *Printed name and title*

                                  _____

                                                     *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c)  Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d)  Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e)  Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g)  Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A TO SUBPOENA TO PRODUCE DOCUMENT, INFORMATION, OR OBJECTS TO ILI SOLUTIONS, LLC

**YOU ARE COMMANDED** to produce at the time, date, and place set forth in the accompanying Subpoena to Produce Documents, Information, or Objects (the "Subpoena") the following documents, electronically stored information, or objects pursuant to Rule 45 of the Federal Rules of Civil Procedure, to Defendants David Folkenflik, National Public Radio, Inc., Edith Chapin, Leslie Cook, and Pallavi Gogoi (collectively "Defendants").

### I.
### INSTRUCTIONS

1.      You are required to produce for inspection and copying true and correct copies of the designated documents at the office of Defendants' counsel, Haynes and Boone, LLP, 2323 Victory Ave. Ste. 700, Dallas, Texas 75219.

2.      In response to this Subpoena, provide all requested documents in your possession, custody or control, including all documents in the possession, custody or control of your attorneys or agents.  If your response to this Subpoena is that any requested document or documents are not in your possession, custody or control, identify who has possession, custody or control of the document or documents and the location of the document or documents.

3.      If a request seeks a document which to your knowledge does not exist, please state that the document does not exist.

4.      Without interfering with the readability of a document, please identify in some manner the request(s) to which the document is responsive.

5.      These requests for production are continuing in nature, and you are required to amend or supplement your responses if you or other persons acting on your behalf become aware of additional information between the time your answers are given and the time of trial that renders your responses no longer correct, accurate or complete.

6.     If you contend that you are entitled to withhold from production any documents identified in these requests for production on the basis of attorney-client privilege, work product doctrine or any other ground, follow the instructions described in sub-parts (a) - (e) below for each withheld document:

(a)     describe the nature of the document (*e.g.*, letter or memorandum);

(b)     state the date of the document;

(c)     identify the person(s) who sent and received the document and/or any copy thereof;

(d)     without revealing the privileged information, identify the subject matter of the document; and

(e)     state the specific privilege(s) you assert regarding the document.

7.     Unless otherwise specified, the time period for these requests is from **July 10, 2016** until the present time.

## II.
## DEFINITIONS

For purposes of these requests, the terms listed below are defined as follows:

1.     **You or Your** refers to ILI Solutions, LLC, and each of your owners, managers, agents, representatives, parents, affiliates, subsidiaries, divisions, employees, and attorneys and any other individual or entity presently or formerly acting on your behalf or at your request.

2.     **Plaintiff or Butowsky** refers to Ed Butowsky, and each of his agents, representatives, and attorneys and any other individual or entity presently or formerly acting on his behalf or at his request.

3.      **Defendants** refers to Defendants David Folkenflik, National Public Radio, Inc., Edith Chapin, Leslie Cook, and Pallavi Gogoi and any of their officers, employees, agents, representatives, attorneys or any other individual or entity presently or formerly acting on their behalf.

4.      The term **document(s)** shall mean and include all written, typed, printed, recorded, taped, or pictorial matter of any kind or nature whatsoever, however produced or reproduced, in whatever form maintained, including electronically stored information such as metadata, and all identical and non-identical (for whatever reason) copies and prior drafts thereof, in Your possession, custody or control and includes, but is not limited to, correspondence, transcriptions, tapes, notes from telephone conversations, agreements, contracts, records, tape recordings (whether or not transcribed), reports, memoranda, studies, summaries, minutes, notes, agenda, bulletins, calendars, diaries, logs, announcements, instructions, charts, manuals, brochures, schedules, email, blogs, internet postings, text messages, instant messages, computer data (whether on cards, compact disk, DVD, ISP server, or otherwise), telegrams, teletype, photographic matter, financial statements, accounting records, commission worksheets, and any other such documents and tangible things, whether in hard, digital or electronic version.  The term "document" also includes copies of documents upon which notations or writings appear that are not present on the originals or other copies of such documents.  In all cases where original and/or non-identical copies are not available, "document(s)" also means identical copies of original documents and copies of non-identical copies.  A document is deemed to be in Your custody if You have possession of the document or has the right to secure such document from another person having possession thereof. All information available in electronic or magnetic medium should be provided electronically on an external hard drive in their native format.

5.      The term **electronically stored information**, when used in these Requests, refers to information stored on a computer, CD, DVD, disk, hard drive, or other magnetic or electronic device, including, without limitation, voicemail messages and files; email messages and files; deleted files, programs, or e-mails; data files; program files; backup and archival tapes; temporary files; system history files; website information stored in textual, graphical or audio format; website log files; cache files; text messages, instant messages, cookies; writings; drawings; graphs; charts; photographs; sound recordings; images; video recordings; and other data or data compilations stored in any medium from which information can be obtained or translated, if necessary, by You into reasonably usable form.

6.      The term **communication**, when used in these Requests, refers to any oral or written transmission, exchange of information, utterance, notation or statement, by or through any medium, including, but not limited to telephone, telegraph, mail, email, text message, instant messaging, telecopy, and personal conversation(s).

7.      The conjunction **or** as used in these requests should not be read to limit part of the request but, whenever applicable, it should have the same meaning as the word "and."  For example, an interrogatory stating "support or refer" should be read as "support and refer," if an answer that does both can be made.

8.      The word **and** means **and/or**.

9.      The term **Person** means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

10. The term **Chapwood** means Chapwood Capital Investment Management LLC, and each of its owners, managers, agents, representatives, parents, affiliates, subsidiaries, divisions, employees, and attorneys.

11. The term **NPR litigation** means the litigation styled *Butowsky v. Folkenflik et al.*, No. 4:18-cv-422-ALM, filed in the Eastern District of Texas.

12. The term **Wheeler Litigation** means the litigation styled *Wheeler v. Twenty-First Century Fox, Inc., et. al.,* Case No. 17-CV-05087, filed in the United States District Court for the Southern District of New York.

13. The term **Rich Family Litigation** means, collectively, the litigation styled *Rich v. Butowsky et al.*, Case No. 1:18-cv-681-RJL filed in the United States District Court for the District of Columbia and *Rich v. Fox News Network, LLC, et al.*, Case No. 1:18-cv-2223 filed in the United States District Court for Southern District of New York.

14. The term **Related Butowsky Litigation** refers to the following lawsuits:

    a. *Butowsky v. Democratic National Committee*, Case No. 4:19-cv-00582, filed in the Eastern District of Texas on August 1, 2019.

    b. *Butowsky v. Gottlieb, et al.*, Case No. 4:19-cv-00180, filed in the Eastern District of Texas on March 12, 2019.

    c. *Butowsky v. Susman & Godfrey, LLP*, Cause No. 416-01222-2019, filed in Collin County, Texas on March 6, 2019.

    d. *Butowsky v. Wigdor*, Case No. 4:19-cv-00577, filed in the Eastern District of Texas on July 31, 2019.

    e. *Chapwood Capital Investment Mgmt., LLC v. Charles Schwab Corp.*, Case No. 4:18-cv-00287, filed in the Eastern District of Texas on April 23, 2018.

    f. *Chapwood Capital Investment Mgmt., LLC v. Charles Schwab Corp.*, Case No. 4:18-cv-00548, filed in the Eastern District of Texas on August 3, 2018.

    g. *Clevenger v. U.S. Dep't of Justice*, Case No. 1:18-cv-01568, filed in the Eastern District of New York on March 14, 2018.

15.     The terms **referring to**, **concerning**, **relating to**, or **pertaining to** any given subject when used to specify a document, communication, or statement, shall mean or refer to any document, communication, or statement that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, discusses, mentions, supports, refutes, controverts, depicts, and or is in any manner whatsoever pertinent to that subject.

## DOCUMENTS REQUESTED

Please produce the following documents, records, and information in your possession, custody, or control:

1. All documents referring or relating to, and all communications between, You and the following:
    a. Ed Butowsky;
    b. Dani Butowsky;
    c. Chapwood;
    d. Manuel Chavez;
    e. Thomas Schoenberger;
    f. Trevor Fitzgibbons;
    g. Beth Blackburn;
    h. Malia Zimmerman;
    i. Adam Housley;
    j. Shadowbox or any of its owners, representatives, employees, or agents;
    k. Fox News or any of its owners, representatives, employees, or agents;
    l. Lora Logan;
    m. Joseph Burkett;
    n. Any member of the Trump Administration (past or present);
    o. Steve Biss;
    p. Tanya Cornwell;
    q. Ty Clevenger; or
    r. defango@protonmail.com.

2. All contracts or agreements entered into between You and Ed Butowsky.

3. All contracts or agreements entered into between You and Chapwood.

4. All contracts or agreements You entered concerning www.DeBunkingRodWheelersClaims.com

5. All contracts or agreements You entered concerning
www.DeBunkingRodWheelersClaims.net

6. All documents evidencing payments You received or were promised from:
   a. Ed Butowsky;
   b. Dani Butowsky;
   c. Chapwood;
   d. Googie LLP;
   e. Waterford Capital, Inc.;
   f. WoodChap, LLC;
   g. Steve Biss;
   h. Ty Clevenger; or
   i. Tanya Cornwell

7. All documents referring or relating to, and all communications between You and any recipient, concerning the following, from July 10, 2016 to the present:
   a. David Folkenflik;
   b. Seth Rich;
   c. Aaron Rich;
   d. Joel Rich;
   e. Mary Rich;
   f. www.DeBunkingRodWheelersClaims.com; or
   g. www.DeBunkingRodWheelersClaims.net.

8. All documents and communications evidencing the information posted by You on www.DeBunkingRodWheelersClaims.com.

9. All documents and communications evidencing the information posted by You on www.DeBunkingRodWheelersClaims.net.

10. All documents and communications evidencing the registration, renewals, and/or payment(s) for the website www.DeBunkingRodWheelersClaims.com.

11. All documents and communications evidencing the registration, renewals, and/or payment(s) for the website www.DeBunkingRodWheelersClaims.net.

12. All documents, communications and evidence You possess concerning the investigation into the murder of Seth Rich or the source of the 2016 Democratic National Committee leak of emails.

13. All documents or communications You possess concerning the allegations in the NPR Litigation.

14. All documents or communications You possess concerning the allegations in the Wheeler Litigation.

15. All documents or communications You possess concerning the allegations in the Rich Family Litigation.

16. All documents or communications You possess concerning the allegations in the Related Butowsky Litigation.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Texas

|  |  |  |  |
|---|---|---|---|
| Ed Butowsky | ) | | |
| *Plaintiff* | ) | | |
| v. | ) | Civil Action No. | 4:18-cv-00442-ALM |
| David Folkenflik; National Public Radio, Inc.; Edith | ) | | |
| Chapin; Leslie Cook; and Pallavi Gogoi | ) | | |
| *Defendant* | ) | | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Orone M. Laizerovich
5604 Plumtree Dr., Dallas, Texas 75252-4929

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached "Exhibit A"

| Place: Haynes and Boone, LLP | Date and Time: |
|---|---|
| 2323 Victory Avenue, suite 700, Dallas, TX 75219 | 12/09/2019 12:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/18/2019

*CLERK OF COURT*

OR

_____          /s/ Laura Prather
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
David Folkenflik, et al.                                                  , who issues or requests this subpoena, are:

Laura Prather, Haynes and Boone, LLP, 600 Congress, Suite 1300, Austin, TX 78701, 512-867-8400, laura.prather@haynesboone.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# Exhibit C

App. 0027

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   4:18-cv-00442-ALM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*

** SEE ATTACHED**
***AFFIDAVIT***

☐ I served the subpoena by delivering a copy to the named person as follows:

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

** SEE ATTACHED**
***AFFIDAVIT***

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# UNITED STATES DISTRICT COURT
for the
## EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **ED BUTOWSKY** | § | |
| | § | |
| | § | |
| **Plaintiff(s),** | § | |
| v. | § | Civil Action No. <u>4:18-cv-00442-ALM</u> |
| | § | |
| | § | |
| **DAVID FOLKENFLIK; ET AL** | § | |
| **Defendant(s).** | § | |

## RETURN OF SERVICE

Came to my hand on **Tuesday, November 19, 2019 at 9:28 AM,**
Executed at: **5604 PLUMTREE DR, DALLAS, TX 75252**
within the county of **COLLIN** at **10:34 AM,** on **Saturday, November 23, 2019,**
by individually and personally delivering to the within named:

### ORONE M. LAIZEROVICH

a true copy of this

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION with EXHIBIT A TO SUBPOENA TO PRODUCE DOCUMENT, INFORMATION, OR OBJECTS TO ORONE LAIZEROVICH

having first endorsed thereon the date of the delivery.

**BEFORE ME,** the undersigned authority, on this day personally appeared **Adil Tadli** who after being duly sworn on oath states: "My name is **Adil Tadli**. I am a person not less than eighteen (18) years of age and I am competent to make this oath. I am a resident of the State of Texas. I have personal knowledge of the facts and statements contained herein and aver that each is true and correct. I am not a party to nor related or affiliated with any party to this suit. I have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude."

By: _____

**Adil Tadli - PSC1206 - Exp 05/31/20**

Subscribed and Sworn to by Adil Tadli, Before Me, the undersigned authority, on this ⟨26th⟩ day
of November, 2019.

_____

**Notary Public in and for the State of Texas**


THOMAS E CONSIDINE
Notary Public
STATE OF TEXAS  App 0029
ID#12516820-9
My Comm. Exp. April 13, 2021

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Texas

| | |
|---|---|
| Ed Butowsky | ) |
| *Plaintiff* | ) |
| v. | ) |
| David Folkenflik; National Public Radio, Inc.; Edith Chapin; Leslie Cook; and Pallavi Gogoi | ) |
| *Defendant* | ) |

Civil Action No.  4:18-cv-00442-ALM

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    ILI Solutions LLC
                          4409 Longfellow Drive Plano, TX 75093 USA

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See attached "Exhibit A"

| Place: Haynes and Boone, LLP<br>        2323 Victory Avenue, suite 700, Dallas, TX 75219 | Date and Time:<br><br>12/09/2019 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     11/18/2019

|              CLERK OF COURT              |       OR       |                                  |
|---|---|---|
| | | /s/ Laura Prather |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
 David Folkenflik, et al.                                                                          , who issues or requests this subpoena, are:

Laura Prather, Haynes and Boone, LLP, 600 Congress, Suite 1300, Austin, TX 78701, 512-867-8400, laura.prather@haynesboone.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  4:18-cv-00442-ALM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*                               .

☐  I served the subpoena by delivering a copy to the named person as follows:

_____  on *(date)*                    ; or

☐  I returned the subpoena unexecuted because                                                                .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$                    .

My fees are $                    for travel and $                    for services, for a total of $   0.00    .

I declare under penalty of perjury that this information is true.

Date:

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# UNITED STATES DISTRICT COURT
## for the
### EASTERN DISTRICT OF TEXAS

ED BUTOWSKY

§
§
§

                    Plaintiff(s),                    §

v.                                                   §          Civil Action No. <u>4:18-cv-00442-ALM</u>

§
§

DAVID FOLKENFLIK; ET AL                              §
                    Defendant(s).                    §

## <u>RETURN OF SERVICE</u>

Came to my hand on **Tuesday, November 19, 2019 at 9:28 AM,**
Executed at: **5604 PLUMTREE DRIVE, DALLAS, TX 75252**
within the county of **COLLIN** at 10:15 AM, on **Thursday, November 21, 2019,**
by individually and personally delivering to the within named:

### ILI SOLUTIONS, LLC

By delivering to its **Authorized Representative, ORONE M. LAIZEROVICH**
a true copy of this

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION with EXHIBIT A TO SUBPOENA TO PRODUCE DOCUMENT, INFORMATION, OR OBJECTS TO ILI SOLUTIONS, LLC

having first endorsed thereon the date of the delivery.

**BEFORE ME,** the undersigned authority, on this day personally appeared **Adil Tadli** who after being duly sworn on oath states: "My name is **Adil Tadli.** I am a person not less than eighteen (18) years of age and I am competent to make this oath. I am a resident of the State of Texas. I have personal knowledge of the facts and statements contained herein and aver that each is true and correct. I am not a party to nor related or affiliated with any party to this suit. I have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude."

By: _____

**Adil Tadli - PSC1206 - Exp 05/31/20**

**Subscribed and Sworn to by Adil Tadli, Before Me,** the undersigned authority, on this *22nd* day of November, 2019.

_____
**Notary Public in and for the State of Texas**



THOMAS E CONSIDINE
Notary Public
STATE OF TEXAS
ID#12516820-9
My Comm. Exp. April 13, 2021

0034

| | |
|---|---|
| **From:** | Orone Laizerovich |
| **To:** | Prather, Laura |
| **Subject:** | Re: Ed Butowsky v. NPR |
| **Date:** | Monday, December 16, 2019 7:50:39 AM |

---

**EXTERNAL:** Sent from outside haynes*boone*

Good Morning Laura

I wanted to be sure you could access this link.  I have created a directory for the items I am submitting.  Please verify you can access and i will proceed to submit.

Link:  https://ln2.sync.com/dl/05ac13860/iy3kuk3p-6guq5ej5-89wb39g6-jxrbp9ap
Password:  Password%10

Contents should only show 1 file  "Test.rtf".  Let me know you see it.

Thanks
orone

On Mon, Nov 18, 2019 at 4:52 PM Prather, Laura <Laura.Prather@haynesboone.com> wrote:

> Hi Mr. Laizerovich,
>
> I represent NPR and a number of its reporters and editors in a lawsuit filed by Ed Butowsky.
>
> I have attached a subpoena to obtain relevant documents from you and your company ILI Solutions.
>
> Please let me know if you will accept service of these subpoenas, and please feel free to call me with any questions or concerns.
>
> Take care,
>
> Laura Prather
>
> haynes*boone*
> **Laura Lee Prather**

**Exhibit D**

Partner

laura.prather@haynesboone.com

Board Certified, Civil Appellate Law

Texas Board of Legal Specialization


Haynes and Boone, LLP

600 Congress Avenue

Suite 1300

Austin, TX 78701-3285

www.haynesboone.com


(t) 512.867.8476

(f) 512.867.8609


CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.


--

**Orone Laizerovich**
Managing Partner

ILI Solutions, LLC
orone@ilisols.com
+1 972 740 2097 - Mobile

| | |
|---|---|
| **From:** | Prather, Laura |
| **To:** | Orone Laizerovich |
| **Subject:** | RE: Ed Butowsky v. NPR |
| **Date:** | Friday, December 20, 2019 3:06:00 PM |

Hi Orone,

I am just checking back with you on the status of the documents.  Have you had an opportunity to submit the documents yet?

Please advise.

Take care,
Laura

**Laura Lee Prather**
Partner
(t) 512.867.8476

---

**From:** Orone Laizerovich <orone@ilisols.com>
**Sent:** Monday, December 16, 2019 7:50 AM
**To:** Prather, Laura <Laura.Prather@haynesboone.com>
**Subject:** Re: Ed Butowsky v. NPR

**EXTERNAL:** Sent from outside haynes*boone*

Good Morning Laura

I wanted to be sure you could access this link.  I have created a directory for the items I am submitting.  Please verify you can access and i will proceed to submit.

Link:  https://ln2.sync.com/dl/05ac13860/iy3kuk3p-6guq5ej5-89wb39g6-jxrbp9ap
Password:  Password%10

Contents should only show 1 file  "Test.rtf".  Let me know you see it.

Thanks
orone

On Mon, Nov 18, 2019 at 4:52 PM Prather, Laura <Laura.Prather@haynesboone.com> wrote:

> Hi Mr. Laizerovich,

**Exhibit E**

I represent NPR and a number of its reporters and editors in a lawsuit filed by Ed Butowsky.

I have attached a subpoena to obtain relevant documents from you and your company ILI Solutions.

Please let me know if you will accept service of these subpoenas, and please feel free to call me with any questions or concerns.

Take care,
Laura Prather

## haynes*boone*

**Laura Lee Prather**
Partner
laura.prather@haynesboone.com
Board Certified, Civil Appellate Law
Texas Board of Legal Specialization

Haynes and Boone, LLP
600 Congress Avenue
Suite 1300
Austin, TX 78701-3285
www.haynesboone.com

(t) 512.867.8476
(f) 512.867.8609

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

--

**Orone Laizerovich**
Managing Partner

ILI Solutions, LLC
orone@ilisols.com
+1 972 740 2097 - Mobile

| | |
|---|---|
| **From:** | Prather, Laura |
| **To:** | Orone Laizerovich |
| **Subject:** | Re: Ed Butowsky v. NPR |
| **Date:** | Saturday, December 21, 2019 8:59:40 AM |

Hi Orone,

Can you please let me know when you will be uploading the. The extension I provided to you to provide the subpoenaed materials was until yesterday.

Typos courtesy of iPhone

> On Dec 21, 2019, at 3:32 AM, Orone Laizerovich <orone@ilisols.com> wrote:
>
> **EXTERNAL:** Sent from outside haynes*boone*
>
> Hi Laura..
>
> I have the docs and will be uploading them to folder.
>
> On Fri, Dec 20, 2019 at 11:06 PM Prather, Laura <Laura.Prather@haynesboone.com> wrote:
>
>> Hi Orone,
>>
>> I am just checking back with you on the status of the documents.  Have you had an opportunity to submit the documents yet?
>>
>> Please advise.
>>
>> Take care,
>>
>> Laura
>>
>> **Laura Lee Prather**
>>
>> Partner
>>
>> (t) 512.867.8476

**Exhibit F**

**From:** Orone Laizerovich <orone@ilisols.com>
**Sent:** Monday, December 16, 2019 7:50 AM
**To:** Prather, Laura <Laura.Prather@haynesboone.com>
**Subject:** Re: Ed Butowsky v. NPR

> **EXTERNAL:** Sent from outside haynes*boone*

Good Morning Laura

I wanted to be sure you could access this link.  I have created a directory for the
items I am submitting.  Please verify you can access and i will proceed to
submit.

Link:  https://ln2.sync.com/dl/05ac13860/iy3kuk3p-6guq5ej5-89wb39g6-
jxrbp9ap

Password:  Password%10

Contents should only show 1 file  "Test.rtf".  Let me know you see it.

Thanks

orone

On Mon, Nov 18, 2019 at 4:52 PM Prather, Laura
<Laura.Prather@haynesboone.com> wrote:

Hi Mr. Laizerovich,

I represent NPR and a number of its reporters and editors in a lawsuit filed by Ed Butowsky.

I have attached a subpoena to obtain relevant documents from you and your company ILI Solutions.

Please let me know if you will accept service of these subpoenas, and please feel free to call me with any questions or concerns.

Take care,

Laura Prather

## haynes*boone*
**Laura Lee Prather**

Partner

laura.prather@haynesboone.com

Board Certified, Civil Appellate Law

Texas Board of Legal Specialization

Haynes and Boone, LLP

600 Congress Avenue

Suite 1300

Austin, TX 78701-3285

www.haynesboone.com

(t) 512.867.8476

(f) 512.867.8609

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential,
may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

--

**Orone Laizerovich**

Managing Partner

ILI Solutions, LLC

orone@ilisols.com

+1 972 740 2097 - Mobile

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential,
may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

--

**Orone Laizerovich**
Managing Partner

ILI Solutions, LLC
orone@ilisols.com
+1 972 740 2097 - Mobile

| | |
|---|---|
| **From:** | Orone Laizerovich |
| **To:** | Prather, Laura |
| **Subject:** | Re: Ed Butowsky v. NPR |
| **Date:** | Sunday, December 29, 2019 11:55:50 PM |

---

**EXTERNAL:** Sent from outside haynes*boone*

Hi Laura

I'm sorry I am out of the country since the 20th in Israel for the Hanukkah holiday with family.  I was sure I had copied the files to the folder to the cloud.  Please allow me to get to a computer to verify.  I am 8 hrs ahead and will be at my dads later this evening my time.  I will check and reply back today my time.

Thanks and again I apologize.
Orone

On Fri, Dec 27, 2019 at 1:10 AM Prather, Laura <Laura.Prather@haynesboone.com> wrote:

> Mr. Laizerovich,
>
>
> We have still not received any responsive documents to the subpoena that was served on you via email on November 18, 2019 and via process server on November 23, 2019.  As you know, we accommodated your request for an extension of time to produce the responsive materials until December 13, 2019; however, we have still received nothing.
>
>
> I have attempted to follow up with you about the failure to comply with this subpoena on at least half a dozen occasions, and you have not responded.
>
>
> As a courtesy, I am attaching a draft of the Motion to Compel which we will be filing with the Court before year end should you not immediately produce the responsive documents.
>
>
> Sincerely,
>
>
> **Laura Lee Prather**
>
> Partner
>
> (t) 512.867.8476

**Exhibit G**

**From:** Orone Laizerovich <orone@ilisols.com>
**Sent:** Monday, December 16, 2019 7:50 AM
**To:** Prather, Laura <Laura.Prather@haynesboone.com>
**Subject:** Re: Ed Butowsky v. NPR

---

**EXTERNAL:** Sent from outside haynes*boone*

---

Good Morning Laura

I wanted to be sure you could access this link.  I have created a directory for the items I am submitting.  Please verify you can access and i will proceed to submit.

Link:  https://ln2.sync.com/dl/05ac13860/iy3kuk3p-6guq5ej5-89wb39g6-jxrbp9ap

Password:  Password%10

Contents should only show 1 file  "Test.rtf".  Let me know you see it.

Thanks

orone

On Mon, Nov 18, 2019 at 4:52 PM Prather, Laura <Laura.Prather@haynesboone.com> wrote:

> Hi Mr. Laizerovich,
>
> I represent NPR and a number of its reporters and editors in a lawsuit filed by Ed

Butowsky.

I have attached a subpoena to obtain relevant documents from you and your company ILI Solutions.

Please let me know if you will accept service of these subpoenas, and please feel free to call me with any questions or concerns.

Take care,

Laura Prather

## haynes*boone*
**Laura Lee Prather**

Partner

laura.prather@haynesboone.com

Board Certified, Civil Appellate Law

Texas Board of Legal Specialization

Haynes and Boone, LLP

600 Congress Avenue

Suite 1300

Austin, TX 78701-3285

www.haynesboone.com

(t) 512.867.8476

(f) 512.867.8609

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

--

**Orone Laizerovich**

Managing Partner

ILI Solutions, LLC

orone@ilisols.com

+1 972 740 2097 - Mobile

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.
--
Please excuse any typos

| | |
|---|---|
| **From:** | Orone Laizerovich |
| **To:** | Prather, Laura |
| **Subject:** | Re: Ed Butowsky v. NPR |
| **Date:** | Monday, December 30, 2019 2:59:41 PM |

**EXTERNAL:** Sent from outside haynes*boone*

laura..

I am not able to connect to computer at home it seems there may have been a network outage. I am trying to contact our family friend to get them to see if they can go over and restart the router and computer.  Please stay tuned.

On Mon, Dec 30, 2019 at 6:13 PM Prather, Laura <Laura.Prather@haynesboone.com> wrote:

> Hi Orone,
>
> Thank you for following up.
>
> Please make sure that all audio files are included in the upload.
>
> Take care,
>
> Laura
>
> **Laura Lee Prather**
>
> Partner
>
> (t) 512.867.8476
>
> ---
>
> **From:** Orone Laizerovich <orone@ilisols.com>
> **Sent:** Sunday, December 29, 2019 11:56 PM
> **To:** Prather, Laura <Laura.Prather@haynesboone.com>
> **Subject:** Re: Ed Butowsky v. NPR

**Exhibit H**

**EXTERNAL:** Sent from outside haynes*boone*

Hi Laura

I'm sorry I am out of the country since the 20th in Israel for the Hanukkah holiday with family.  I was sure I had copied the files to the folder to the cloud.  Please allow me to get to a computer to verify.  I am 8 hrs ahead and will be at my dads later this evening my time.  I will check and reply back today my time.

Thanks and again I apologize.

Orone

On Fri, Dec 27, 2019 at 1:10 AM Prather, Laura <Laura.Prather@haynesboone.com> wrote:

> Mr. Laizerovich,
>
> We have still not received any responsive documents to the subpoena that was served on you via email on November 18, 2019 and via process server on November 23, 2019.  As you know, we accommodated your request for an extension of time to produce the responsive materials until December 13, 2019; however, we have still received nothing.
>
> I have attempted to follow up with you about the failure to comply with this subpoena on at least half a dozen occasions, and you have not responded.
>
> As a courtesy, I am attaching a draft of the Motion to Compel which we will be filing with the Court before year end should you not immediately produce the responsive documents.
>
> Sincerely,
>
> **Laura Lee Prather**

Partner

(t) 512.867.8476

---

**From:** Orone Laizerovich <orone@ilisols.com>
**Sent:** Monday, December 16, 2019 7:50 AM
**To:** Prather, Laura <Laura.Prather@haynesboone.com>
**Subject:** Re: Ed Butowsky v. NPR

---

**EXTERNAL:** Sent from outside haynes*boone*

---

Good Morning Laura

I wanted to be sure you could access this link.  I have created a directory for the items I am submitting.  Please verify you can access and i will proceed to submit.

Link:  https://ln2.sync.com/dl/05ac13860/iy3kuk3p-6guq5ej5-89wb39g6-jxrbp9ap

Password:  Password%10

Contents should only show 1 file  "Test.rtf".  Let me know you see it.

Thanks

orone

On Mon, Nov 18, 2019 at 4:52 PM Prather, Laura <Laura.Prather@haynesboone.com> wrote:

Hi Mr. Laizerovich,

I represent NPR and a number of its reporters and editors in a lawsuit filed by Ed Butowsky.

I have attached a subpoena to obtain relevant documents from you and your company ILI Solutions.

Please let me know if you will accept service of these subpoenas, and please feel free to call me with any questions or concerns.

Take care,

Laura Prather

**haynes*boone***

**Laura Lee Prather**

Partner

[laura.prather@haynesboone.com](mailto:laura.prather@haynesboone.com)

Board Certified, Civil Appellate Law

Texas Board of Legal Specialization

Haynes and Boone, LLP

600 Congress Avenue

Suite 1300

Austin, TX 78701-3285

www.haynesboone.com

(t) 512.867.8476

(f) 512.867.8609

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

--

**Orone Laizerovich**

Managing Partner

ILI Solutions, LLC

orone@ilisols.com

+1 972 740 2097 - Mobile

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

--

Please excuse any typos

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

--

**Orone Laizerovich**
Managing Partner

ILI Solutions, LLC
orone@ilisols.com
+1 972 740 2097 - Mobile

| | |
|---|---|
| **From:** | Orone Laizerovich |
| **To:** | Prather, Laura |
| **Subject:** | Re: Ed Butowsky v. NPR |
| **Date:** | Tuesday, December 31, 2019 5:01:43 PM |

**EXTERNAL:** Sent from outside haynes*boone*

I return Friday early evening.  I had family go by but she didn't understand what I explained to her to do.  No very computer savvy.  I am trying  a different way.  I apologize For this.


On Tue, Dec 31, 2019 at 5:14 PM Prather, Laura <Laura.Prather@haynesboone.com> wrote:

Hi Orone,


Please let me know the status.


When are you returning to the states?


Thanks,

Laura



**Laura Lee Prather**

Partner

(t) 512.867.8476



**From:** Orone Laizerovich <orone@ilisols.com>
**Sent:** Monday, December 30, 2019 2:59 PM
**To:** Prather, Laura <Laura.Prather@haynesboone.com>
**Subject:** Re: Ed Butowsky v. NPR

**Exhibit I**

> **EXTERNAL:** Sent from outside haynes*boone*

laura..

I am not able to connect to computer at home it seems there may have been a network outage. I am trying to contact our family friend to get them to see if they can go over and restart the router and computer. Please stay tuned.

On Mon, Dec 30, 2019 at 6:13 PM Prather, Laura <Laura.Prather@haynesboone.com> wrote:

> Hi Orone,
>
> Thank you for following up.
>
> Please make sure that all audio files are included in the upload.
>
> Take care,
>
> Laura
>
>
> **Laura Lee Prather**
>
> Partner
>
> (t) 512.867.8476
>
> ---
>
> **From:** Orone Laizerovich <orone@ilisols.com>
> **Sent:** Sunday, December 29, 2019 11:56 PM
> **To:** Prather, Laura <Laura.Prather@haynesboone.com>

**Subject:** Re: Ed Butowsky v. NPR

---

**EXTERNAL:** Sent from outside haynes*boone*

---

Hi Laura

I'm sorry I am out of the country since the 20th in Israel for the Hanukkah holiday with family.  I was sure I had copied the files to the folder to the cloud.  Please allow me to get to a computer to verify.  I am 8 hrs ahead and will be at my dads later this evening my time.  I will check and reply back today my time.

Thanks and again I apologize.

Orone

On Fri, Dec 27, 2019 at 1:10 AM Prather, Laura <Laura.Prather@haynesboone.com> wrote:

> Mr. Laizerovich,
>
> We have still not received any responsive documents to the subpoena that was served on you via email on November 18, 2019 and via process server on November 23, 2019. As you know, we accommodated your request for an extension of time to produce the responsive materials until December 13, 2019; however, we have still received nothing.
>
> I have attempted to follow up with you about the failure to comply with this subpoena on at least half a dozen occasions, and you have not responded.
>
> As a courtesy, I am attaching a draft of the Motion to Compel which we will be filing with the Court before year end should you not immediately produce the responsive documents.

Sincerely,

**Laura Lee Prather**

Partner

(t) 512.867.8476

---

**From:** Orone Laizerovich <orone@ilisols.com>
**Sent:** Monday, December 16, 2019 7:50 AM
**To:** Prather, Laura <Laura.Prather@haynesboone.com>
**Subject:** Re: Ed Butowsky v. NPR

---

> **EXTERNAL:** Sent from outside haynes*boone*

---

Good Morning Laura

I wanted to be sure you could access this link.  I have created a directory for the items I am submitting.  Please verify you can access and i will proceed to submit.

Link:  https://ln2.sync.com/dl/05ac13860/iy3kuk3p-6guq5ej5-89wb39g6-jxrbp9ap

Password:  Password%10

Contents should only show 1 file  "Test.rtf".  Let me know you see it.

Thanks

orone

On Mon, Nov 18, 2019 at 4:52 PM Prather, Laura <[Laura.Prather@haynesboone.com](mailto:Laura.Prather@haynesboone.com)>
wrote:

> Hi Mr. Laizerovich,
>
> I represent NPR and a number of its reporters and editors in a lawsuit filed by Ed
> Butowsky.
>
> I have attached a subpoena to obtain relevant documents from you and your company
> ILI Solutions.
>
> Please let me know if you will accept service of these subpoenas, and please feel free
> to call me with any questions or concerns.
>
> Take care,
>
> Laura Prather
>
> **haynes***boone*
> **Laura Lee Prather**
>
> Partner
>
> [laura.prather@haynesboone.com](mailto:laura.prather@haynesboone.com)
>
> Board Certified, Civil Appellate Law
>
> Texas Board of Legal Specialization
>
> Haynes and Boone, LLP
>
> 600 Congress Avenue
>
> Suite 1300
>
> Austin, TX 78701-3285

www.haynesboone.com

(t) 512.867.8476

(f) 512.867.8609

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

--

**Orone Laizerovich**

Managing Partner

ILI Solutions, LLC

orone@ilisols.com

+1 972 740 2097 - Mobile

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

--

Please excuse any typos

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended

recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

--

**Orone Laizerovich**

Managing Partner

ILI Solutions, LLC

orone@ilisols.com

+1 972 740 2097 - Mobile

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.
--
Please excuse any typos

| From: | Orone Laizerovich |
|---|---|
| To: | Prather, Laura |
| Subject: | documents going up |
| Date: | Monday, January 6, 2020 8:45:29 AM |

**EXTERNAL:** Sent from outside haynes*boone*

Laura

Good morning.

I arrived Friday night to see my computer died.  I have replaced and restarted the upload to the respective directory we share.  Sorry for the delay.

orone


--

**Orone Laizerovich**
Managing Partner

ILI Solutions, LLC
orone@ilisols.com
+1 972 740 2097 - Mobile

**Exhibit J**

To whom it may concern at Haynes and Boone, LLP,

This is in response to the request for documentation from the subpoena presented to myself, Orone Laizerovich.

Referring to the Section in the Subpoena called "Documents Requested" on page 6:

1. All documents referring or relating to, and all communication between, You and the following:
   A. Ed Butowsky = I object to this request as overbroad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence.  Without waiving those objections, I do not have anything to present.
   I further object to this request because it seeks proprietary information that is neither relevant to this case nor likely to lead to the discovery of admissible evidence.
   B. Dani Butowsky = I object to this request as overbroad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence.  Without waving those objections, I do not have any documents or communication with this person.
   C. Chapwood = I object to this request as overbroad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence.  Without waiving those objections, I do not have anything to present.
   I further object to this request because it seeks proprietary information that is neither relevant to this case nor likely to lead to the discovery of admissible evidence.
   D. Manuel Chavez = I do not know who this person is, nor do I have anything to present
   E. Thomas Schoenberger = I object to this request as overbroad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence.  Without waving those objections, I am producing all email and attachments.
   F. Trevor Fitzgibbons = I do not know who this person is, nor do I have anything to present.
   G. Beth Blackburn = I do not know who this person is, nor do I have anything to produce.
   H. Malia Zimmerman = I do not know this person, and I do not have anything to produce.
   I. Adam Housley = I do not know this person, and I do not have anything to produce.
   J. Shadowbox = I object to this request as overbroad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence.  Without waving those objections, I am producing all email and attachments relating to this company and its members.
   K. Fox News (owners, reps, employees, or agents) = I do not know any people at this company, and I do not have anything to produce.
   L. Lora Logan = I do not know who this person is, nor do I have anything to produce.
   M. Joseph Burkett = I do not know who this person is, nor do I have anything to produce.

**Exhibit K**

N. Any member of Trump Administration = I do not know any persons in the Trump administration in the past or present. I do not have anything to produce.

O. Steve Biss = I do not know who this person is, nor do I have anything to produce.

P. Tanya Cornwell = I do not know who this person is, nor do I have anything to produce.

Q. Ty Clevenger = I do not know who this person is, nor do I have anything to produce.

R. defango@protonmail.com = I object to this request as overbroad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence.  Without waving those objections, I am producing all email and attachments.

2. All contracts or agreements entered into between You and Ed Butowsky.

   a. I object to this request because it seeks proprietary information that is neither relevant to this case nor likely to lead to the discovery of admissible evidence.  Without waving those objections, I do not have anything to present.

3. All contracts or agreements entered into between You and Chapwood.

   a. I object to this request because it seeks proprietary information that is neither relevant to this case nor likely to lead to the discovery of admissible evidence.  Without waving those objections, I do not have anything to present.

4. All contracts or agreements you entered concerning www.debunkingrodwheleersclaims.com .

   a. I have never entered into any contracts or agreements verbal or written with anyone about anything relating to this domain or website.  I do not have anything to produce.

5. All contracts or agreements you entered concerning www.debunkingrodwheelersclaims.net.

   a. I have never entered into any contracts or agreements verbal or written with anyone about anything relating to this domain or website.  I do not have anything to produce.

6. All documents evidencing payments you received or were promised from:

   a. Ed Butowsky = Never received any payments from Ed Butowsky.

   b. Dani Butowsky = Never received any payments from Dani Butowsky.

   c. Chapwood = I object to this request because it seeks proprietary information that is neither relevant to this case nor likely to lead to the discovery of admissible evidence.  Without waving those objections, I do not have anything to present.

   d. Google LLP = Never received any payments from Google LLP.

   e. Waterford Capital, Inc = Never received any payments from Waterford Capital, Inc.

   f. WoodChap, LLC = Never received any payments from WoodChap, LLC.

   g. Steve Biss = Never received any payments from Steve Biss.

   h. Ty Clevenger = Never received any payments from Ty Clevenger.

   i. Tanya Cornwell = Never received any payments from Tanya Cornwell.

7. All documents referring or relating to and all communications between you and any recipient, concerning the following from July 10, 2016 to the present:
   a. David Folkenflik = I do not know this person nor have I received any documents or communication from this person or from anyone else about this person.
   b. Seth Rich = I do not know this person nor have I received any documents or communication from this person or from anyone else about this person.
   c. Aaron Rich = I do not know this person nor have I received any documents or communication from this person or from anyone else about this person.
   d. Joel Rich = I do not know this person nor have I received any documents or communication from this person or from anyone else about this person.
   e. Mary Rich = I do not know this person nor have I received any documents or communication from this person or from anyone else about this person.
   f. www.debunkingrodwheelersclaims.com = I do not have any communication or documents about this site.
   g. www.debunkingrodwheelersclaims.net = I do not have any communication or documents about this site.
8. All documents and communication evidencing the information posted by you on www.debunkingrodwheelersclaims.com
   a. I do not have anything to do with this domain or the information on this website or where it came from.
9. All documents and communication evidencing the information posted by you on www.debunkingrodwheelersclaims.net
   a. I do not have anything to do with this domain or the information on this website or where it came from.
10. All documents and communication evidencing the registration, renewals, and or payment(s) for the website www.debunkingrodwheelersclaims.com.
    a. I do not have any documents or communication about this website or payments evidencing registration, renewals or payments.
11. All documents and communication evidencing the registration, renewals, and or payment(s) for the website www.debunkingrodwheelersclaims.net.
    a. I do not have any documents or communication about this website or payments evidencing registration, renewals or payments.
12. All documents, communication and evidence you possess concerning the investigation into the murder of Seth Rich or the source of the 2016t democratic national committee leak of emails.
    a. I do not have any documents, communication, or evidence concerning any of the items listed.
13. All documents or communication you possess concerning the allegations in the NPR litigation.
    a. I do not have any documents or communication regarding this litigation.
14. All documents or communication you possess concerning the allegations in the Wheeler Litigation.
    a. I do not have any documents or communication regarding this litigation.

15. All documents or communication you possess concerning the allegations in the Rich Family litigation.
    a.  I do not have any documents or communication regarding this litigation.
16. All documents or communication you possess concerning the allegations in the related Butowsky litigation.
    a.  I do not have any documents or communication regarding this litigation.

# haynes*boone*

January 9, 2020

Direct Phone Number: (512) 867-8476
Direct Fax Number: (512) 867-8609
laura.prather@haynesboone.com

*Via* Email

Orone Laizerovich
5604 Plumtree Dr.
Dallas, TX 75252-4929

Re:     *Ed Butowsky v. David Folkenflik, et al.*, Case No. 4:18-cv-00442-ALM, pending in the
United States District Court for the Eastern District of Texas, Sherman Division

Dear Mr. Laizerovich:

We received your objections and responses to our subpoenas to you and ILI Solutions in
the above referenced matter *via* secured link on January 6-8, 2020. The subpoena was served on
you on November 23, 2019 with a compliance date of December 9, 2019. You requested an
extension of time until December 13, 2019 due to family circumstances, which we agreed to
grant. You did not meet the agreed upon extended deadline for production and, as such, your
objections and privileges are waived. *See* FED. R. CIV. P. 45(d)(2)(B) (stating that written
objections to a subpoena to produce documents or tangible things must be served before the
earlier of the time specified for compliance or 14 days after the subpoena is served); *Louisiana
Generating, L.L.C. v. Illinois Union Ins. Co.*, No. CIV.A. 10-516-JJB-SC, 2011 WL 6259052, at
\*2 (M.D. La. Dec. 14, 2011) ("Courts within the Fifth Circuit have consistently held that failure
to serve timely objections to a Rule 45 subpoena generally results in a waiver of all grounds for
objection, including privilege."). Furthermore, you failed to produce a privilege log for any
documents you have withheld.

More specifically, you appear to be withholding *all* communications with Mr. Butowsky
and his company, Chapwood, and all contracts with same on the basis of the information being
"overbroad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence"
and seeking "proprietary information." Mr. Butowsky is the Plaintiff in a defamation case
against my clients and he is seeking $60 million in damages from alleged resulting harm to his
business Chapwood. As such, there can be no doubt his communications with and contract with
you – his IT consultant who was hired to, among other things, repair his reputation, is highly
relevant to this dispute. Furthermore, you have waived any objections due to your failure to
timely respond. As a result, all responsive documents are due immediately.

Additionally, it is unclear whether your statements: "I do not have anything to present"
(as opposed to "I do not have anything to produce") in response to 1A, 1C, 1F, 2a, 3a, 6c mean
that you have no responsive documents or that you have documents that you are withholding.
Based upon discovery already received in this case, it would be demonstrably false for you to

**Haynes and Boone, LLP**
**Attorneys and Counselors**
600 Congress Ave., Suite 1300
Austin, Texas 78701-3285
Phone: 512.867.8400
Fax: 512.867.8470
www.haynesboone.com

4830-0253-4576 v.1

**Exhibit L**

App. 0065

*haynesboone*

Orone Laizerovich
January 9, 2020
Page 2 of 2

claim that you have no communications with Mr. Butowsky about the underlying issues in this lawsuit.

Your responses also state that you do not know Manuel Chavez and Beth Blackburn and yet your responses include communications involving them. These statements are demonstrably false.

And, the fact that your production has no text messages or audio or video files strains credulity since, based upon discovery already received in this case, such matters exist in your files.

Finally, as previously advised, your response to Request 6(d) does not answer the question at issue. The subpoena did not ask about payments from Google LLP. It asked for payments from Googie LLP.

As you know, we have been tremendously patient in this process and while we are willing to continue to work with you in this matter, if we do not have all of the materials responsive to the two subpoenas that have been issued to you personally and your company ILI Solutions, Inc. by the close of business this Friday, January 10th, we will be forced to seek relief from the Court in this matter.

Respectfully yours,

*Laura Lee Prather*       w/ permission,

Laura Lee Prather       *Wesly D. Lig*
Partner

4830-0253-4576 v.1

App. 0066